Pedro A. PORTILLO, husband;  et al., Plaintiffs—Appellants,

v.

David MONTOYA;  et al., Defendants— Appellees.

No. 03–17329.

D.C. No. CV–01–02436–MHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

*Decided March 1, 2006.*

---

Tony K. Behrens, Esq., Glendale, AZ, for Plaintiffs-Appellants.

Brian M. Goodwin, Esq., Lori V. Berke, Esq., Jody C. Corbett, Esq., Shughart, Thomson & Kilroy PC, Phoenix, AZ, for Defendants-Appellees.

Before D.W. NELSON, RAWLINSON,* and BEA, Circuit Judges.

## MEMORANDUM **

Plaintiffs–Appellants Pedro A. and Rosa E. Portillo appeal the district court's order granting summary judgment on the basis of qualified immunity. They assert a claim under 42 U.S.C. § 1983, contending that Officer David Montoya of the Phoenix Police Department used excessive force against them during an incident that ended in Pedro Portillo's arrest for disorderly conduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we recount them here only as necessary to explain our disposition.

This court reviews de novo a district court's order granting summary judgment on the basis of qualified immunity. *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir.2001). We will grant summary judgment when, viewing the facts in the light most favorable to the nonmoving party, there is no material issue of fact and the district court applied the correct substantive law. *Id.*

Appellants claim that material issues of fact exist as to whether Montoya, acting under color of state law, used excessive

---

* Judge Rawlinson concurs in the result.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

force against them in violation of the Fourth Amendment's prohibition of unreasonable seizures.[1] To assess this claim, we apply the two-step sequential inquiry for determining whether a public official is entitled to qualified immunity for acts done in his official capacity outlined in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201, 121 S.Ct. 2151. An officer makes an unreasonable seizure in violation of the Fourth Amendment by using excessive force against a free individual. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). A court must carefully balance the " 'nature and quality of the [officer's] intrusion ...' against the countervailing governmental interests at stake" to determine whether the officer's force was reasonable or excessive. *Id.* at

396, 109 S.Ct. 1865 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

The second step in the *Saucier* inquiry strips an officer's qualified immunity and permits a claim to go to trial if the claimant's right against the officer's intrusion was clearly established at the time of the intrusion.[2] 533 U.S. at 201–02, 121 S.Ct. 2151. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202, 121 S.Ct. 2151.

█ Under step one of the *Saucier* inquiry, the undisputed facts [3] here show that Montoya used reasonable force in his confrontation with the Appellants.

1. Montoya claims that Pedro Portillo's guilty plea to disorderly conduct precludes Appellants from asserting a § 1983 claim. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a court cannot award relief for a plaintiff's § 1983 claim if such relief would necessarily imply that a previous conviction of the plaintiff was invalid. *Id.* at 486–87, 114 S.Ct. 2364. Here, Pedro Portillo pleaded guilty to disorderly conduct under Ariz.Rev. Stat. § 13–2904 without specifying the underlying facts that constituted the crime. As applied here, *Humphrey* dictates we assume that Pedro Portillo admitted to the least serious conduct that violates § 13–2904, unreasonable noise, which is not necessarily inconsistent with a § 1983 claim for excessive force. *See Smith v. City of Hemet*, 394 F.3d 689, 698–99 (9th Cir.2005) (en banc) (assuming that an arrestee pleaded guilty to conduct that would not invalidate his § 1983 claim since the plea itself was ambiguous).

2. This court will proceed to the second step of the *Saucier* inquiry only when a claimant has

satisfied the first step. *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151.

3. Local Rule of Civil Procedure 56.1 for the District of Arizona states in part:

(a) Any party filing a motion for summary judgment *shall set forth separately from the memorandum of law*, and in full, the specific facts on which that party relies in support of the motion.... As to each fact, the statement shall refer to a specific portion of the record where the fact may be found.... Any party opposing a motion for summary judgment must comply with the foregoing in *setting forth the specific facts*, which the opposing party asserts, including those facts *which establish a genuine issue of material fact* precluding summary judgment in favor of the moving party.

*Id.* (emphasis added). Accordingly, a specific fact that Montoya asserts separately is undisputed where the Appellants have not specifically countered that fact with separately asserted facts. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir.1988).

Montoya used pepper spray against Pedro Portillo only when reasonably fearing for his own safety and the safety of Officer Julie Speirs.[4] *See Graham*, 490 U.S. at 396, 109 S.Ct. 1865 (holding that, when determining if the officer reasonably uses force in a given situation, a court should analyze "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest"). The following facts are established as undisputed because they were not controverted by Appellants' statement required by Local Rule 56.1, *see supra* note 3: Pedro Portillo had approached the officers at a fast pace; had yelled[5] and cursed at the officers; had stepped towards Montoya, leaving very little space between the two of them; had swiped Montoya's hand away when Montoya pushed him to create more space; had clenched his fists; and had refused to calm down after the officers had asked him to do so. This confrontation had attracted a crowd of onlookers hostile towards the officers. These circumstances justified Montoya's using pepper spray against Pedro Portillo to avert the eruption of foreseeable violence.

Montoya did use his flashlight several times to strike Pedro Portillo's thigh. At the time, Pedro Portillo was actively resisting arrest. In striking Pedro Portillo, Montoya properly followed the Phoenix Police Department's guidelines for striking an arrestee in an area unlikely to inflict permanent injury when the arrestee presents an "active aggression level of resistance" towards an officer.

Although a close call, the fact that Montoya used his flashlight on Pedro Portillo more than once does not establish that Montoya violated Pedro Portillo's constitutional rights. *See Saucier*, 533 U.S. at 201, 121 S.Ct. 2151. Montoya several times attempted to grab one of Pedro Portillo's arms to arrest him, but Pedro Portillo pulled his arm away each time and eventually pushed Montoya in the chest and shoulder area. Appellants also do not claim that either the pepper spraying or flashlight strikes resulted in serious injury; therefore, the State's interests in protecting officers' safety and effecting arrests render Montoya's uses of force reasonable. *See Jackson*, 268 F.3d at 651–53.

■ Even if Montoya's conduct had violated Appellants' constitutional rights and were we to proceed to step two of the *Saucier* inquiry, Montoya would still not be liable because, at the time of the incident, "[t]he contours of [Appellants'] right [were not] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate[d] that right." *See Saucier*, 533 U.S. at 202, 121 S.Ct. 2151 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

Accordingly, we AFFIRM the district court's order granting Montoya's motion for summary judgment.

---

4. Although some pepper spray landed on Rosa Portillo, it is undisputed this was due to a malfunction of Montoya's pepper spray canister.

5. Appellants are estopped from asserting that Pedro Portillo did not yell while speaking with the officers because we assume that Pedro Portillo made unreasonable noise from his guilty plea to disorderly conduct. *See supra* note 1.